PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:20CR0199-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JASON TAYLOR, ) | |
| ) | **ORDER** |
| Defendant. ) | [Resolving ECF No. 27] |

Pending is Defendant Jason Taylor's Motion to Appoint Expert Pursuant to Fed. R. Evid. 706. ECF No. 27. Taylor requests an Order appointing Venktesh R. Ramnath, M.D. as an expert witness who may opine on the specific risks posed to Defendant by COVID-19, based on his individual medical condition, during his pretrial detention at the Northeast Ohio Correctional Center ("NEOCC"). Defendant relies on the Medical Expert Witness Report of Dr. Ramnath dated April 22, 2020 (ECF No. 27-1), that was prepared for and filed in *United States v. Gage*, No.1:19CR705 (N.D. Ohio filed Nov. 7, 2019) (Oliver, J.).[1] On May 7, 2020, the Government opposed the motion. *See* ECF No. 28. To date, Taylor has not filed a reply.

---

[1] The same Expert Witness Report was also filed on May 4, 2020 in support of Defendant's Motion for Bond and for Emergency Intervention by the Court in *United States v. Hammock*, No. 1:20CR0179-8 (N.D. Ohio filed March 11, 2020) (Gwin, J.). On May 14, 2020, Judge Gwin denied the motion in a marginal entry order. On May 6, 2020, Judge Gwin denied a co-defendant's Emergency Motion for Appointment of Independent Expert Pursuant to Fed. R. Evid. 706 and Request for Joinder. *United States v. Bond*, No. 1:20CR0179-4 (N.D. Ohio filed March 11, 2020). In addition, the Report was filed by Attorney Robert A. Dixon as an attachment to motions he filed for the defendants in *United States v. Clinkscale*, No. 4:19CR049-1 (N.D. Ohio filed Jan. 29, 2019) (Oliver, J.), and *United States v. Marshall*, No. 5:17CR406 (N.D. Ohio filed Oct. 12, 2017) (Boyko, J.).

(1:20CR0199-1)

### A.

Defendant was charged in an Indictment (ECF No. 1) with conspiracy to possess with intent to distribute and to distribute fentanyl (Count 1) and distribution of fentanyl (Count 4), drug offenses carrying a rebuttable presumption in favor of detention. Magistrate Judge George J. Limbert heard evidence at a detention hearing and took the matter under advisement. *See* Minutes of proceedings from March 20, 2020. The magistrate judge subsequently issued an Order of Detention Pending Trial (ECF No. 20), finding that Taylor had not provided a sufficient rebuttal to the presumption of detention. "Although cognizant of Defendant's medical issues, his disability did not prevent him from engaging in illicit drug transactions that involved opioids and the highly dangerous substance, fentanyl." ECF No. 20 at PageID #: 69.

Having reviewed the record, the Court previously found it is clear that Defendant's Emergency Motion for Amendment of Order of Detention (ECF No. 21) offers no justification for overturning the Order of Detention. *See* 18 U.S.C. §§ 3142, 3145. *See* Order (ECF No. 25). Taylor generally referenced COVID-19 in ECF No. 21, but presented nothing to rebut the presumption of detention. The general existence of COVID-19 has no bearing on the ultimate decision the Bail Reform Act requires of the Court—that is, deciding whether Taylor has rebutted the presumption that there are no conditions of release that will reasonably assure the safety of the community. 18 U.S.C. § 3142(e).

### B.

Taylor concedes that there have been no positive cases of COVID-19 among the inmates at NEOCC, but submits that is due only to a lack of testing. ECF No. 27 at PageID #: 109. As of May 13, 2020, the Ohio Department of Rehabilitation & and Correction has identified no

2

(1:20CR0199-1)

positive cases among inmates at NEOCC.[2]  Defendant merely argues that circumstances have changed due to a general increase in positive test numbers in the State of Ohio and in correctional institutions.  ECF No. 27 at PageID #: 108.  He contends there are numerous positive cases of COVID-19 in Ohio prisons and it is only a matter of time before it affects inmates at NEOCC. ECF No. 21 at PageID #: 74.

Taylor is anxious about being an inmate at NEOCC during the COVID-19 outbreak because he claims to suffer from diabetes, obesity, chronic lung issues, and acute lymphedema. Defendant argues that, after a review of his personal medical history and the completion of a physical exam, Dr. Ramnath could render an unbiased medical opinion, specific to Taylor, for the Court to utilize in determining whether Defendant should be temporarily released from detention or the terms of his detention otherwise modified for "compelling reasons" as provided for under 18 U.S.C. § 3142(i).  Taylor posits the appointment of Dr. Ramnath would allow for an expert report that specifically identifies and quantifies the threats posed to him by COVID-19; or alternatively, the lack of threat he may face from continued detention at NEOCC.

Taylor asks the Court to appoint an expert witness pursuant to Fed. R. Evid. 706, not 18 U.S.C. § 3006A(e)(1), so that he might try to rebut the presumption of detention.  The Rule provides, in relevant part:  "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing. . . ."  Fed. R. Evid. 706(a).  Taylor asserts that "if appointed, Dr. Ramnath would not

---

[2] *See* https://www.drc.ohio.gov/ (last visited May 14, 2020).

(1:20CR0199-1)

be working as an advocate for Mr. Taylor.  Rather, Dr. Ramnath would be rendering an unbiased medical opinion, specific to Mr. Taylor, for this Court to utilize in determining, with reasonable medical probability, Mr. Taylor's actual risk should his detention at NEOCC continue." ECF No. 27 at PageID #: 106-107.

### C.

"[T]he use of court-appointed experts is relatively infrequent and most judges view the appointment of an expert as an extraordinary activity that is appropriate only in rare circumstances." *Davis-Bey v. City of Warren*, No. 16-cv-11707, 2017 WL 1230509, at *3 (E.D. Mich. Apr. 4, 2017) (quoting *Mikko v. Smock*, No. 10-12845, 2012 WL 8963806, at *1 (E.D. Mich. Sept. 6, 2012)) (quotations omitted).  Moreover, a court should not "appoint expert witnesses under Rule 706 in order to aid a litigating party." *Hughes v. Lavender*, No. 10-cv-674, 2011 WL 2550740, *1 (S.D. Ohio June 23, 2011); *Colton v. Scutt*, No. 10-CV-13073, 2012 WL 5383115, at *7 (E.D. Mich. Nov. 1, 2012) (same) (citing *Dodson v. Wilkinson*, 304 Fed.Appx. 434, 442 (6th Cir.2008)).  There is no need for the extraordinary step of appointing an expert witness in the case at bar.

At base, Defendant is really seeking a reconsideration of the denial of his Emergency Motion for Amendment of Order of Detention (ECF No. 21).  Defendant does not attempt to show how a Medical Expert Witness Report prepared for him by Dr. Ramnath would aid the Court in deciding whether Defendant has satisfied his burden of production of evidence to rebut the presumption of detention.  18 U.S.C. § 3142(e).  The "complex medical issue" that Taylor alleges now exists is no different than when he originally filed his emergency motion.  Defendant's motion does not inform the Court of any change in circumstances requiring it to

(1:20CR0199-1)

revisit his Order of Detention Pending Trial (ECF No. 20) or the need to employ, at the Court's expense, an expert.

**D.**

Defendant Jason Taylor's Motion to Appoint Expert Pursuant to Fed. R. Evid. 706 (ECF No. 27) is denied.

IT IS SO ORDERED.

| | |
|---|---|
|   May 15, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |